IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  20-cv-1068-RJD |
| | ) |
| ALEXANDER RODMAN, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion to Clarify the Court's Memorandum and Order (Doc. 40). For the reasons set forth below, the Motion is **GRANTED**.

Defendants explain that the Court's Memorandum and Order entered on June 17, 2021 (Doc. 15), which screened the complaint under 28 U.S.C. § 1915A, identified three counts, but only analyzed and allowed Plaintiff to proceed on two of the counts. More specifically, in that Order, the Court organized the complaint into the following counts:

> Count 1:    First Amendment retaliation claim against all Defendants.
>
> Count 2:    Eighth Amendment excessive force claim against Cacioppo.
>
> Count 3:    Eighth Amendment deliberate indifference to a serious medical condition against all Defendants.

In the "Discussion" section of the Court's Order, District Judge Dugan found Plaintiff stated a claim and could proceed on Count 1, the First Amendment retaliation claim. Judge Dugan also determined Plaintiff could proceed on his claim of deliberate indifference to his serious medical conditions, which was erroneously designated as Count 2. No discussion was made concerning the previously-designated Count 2, the Eighth Amendment excessive force claim

against Cacioppo. Defendants ask for clarification regarding whether the excessive force claim against Defendant Cacioppo remains in this action.

It is apparent that the June 17, 2021 screening order inadvertently failed to address the excessive force claim against Defendant Cacioppo. Relevant to this claim, Plaintiff alleges in his Complaint that on August 21, 2020, Officer Cacioppo took Plaintiff to the "telepsych" room for two hours and placed him in handcuffs that were too tight and tore into his skin, causing him to bleed. Plaintiff also alleges Cacioppo "smacked" the left side of his face several times and shoved his head into the wall, causing bruising, swelling, headaches, and pain.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

Under this standard, Plaintiff has stated a plausible claim for excessive force against Cacioppo related to the alleged assault that occurred on August 21, 2020.

Accordingly, Plaintiff shall proceed on the following claims:

> Count 1: First Amendment retaliation claim against all Defendants.
>
> Count 2: Eighth Amendment excessive force claim against Cacioppo.
>
> Count 3: Eighth Amendment deliberate indifference to a serious medical condition against all Defendants.

The parties shall use these count designations moving forward. The Court notes Defendant Cacioppo has already been served and a notice of appearance has been filed on her behalf. Defendants shall file their answer to Plaintiff's complaint by **December 22, 2021**.

**IT IS SO ORDERED.**

**DATED: December 8, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**