IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No.  20-cv-1068-RJD |
| ALEXANDER RODMAN, et al., | ) ) ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). In his complaint, Plaintiff alleges from August 7 through October 9, 2020, defendants threatened to place him in segregation on false disciplinary charges to prevent him from being transferred to Dixon Correctional Center if he did not refuse his psychotropic medications and telepsychology appointments. Plaintiff further alleges he was assaulted by Defendant Cacioppo on August 21, 2020.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he proceeds in this action on the following claims:

    Count 1:    First Amendment retaliation claim against all Defendants.

    Count 2:    Eighth Amendment excessive force claim against Defendant Cacioppo.

    Count 3:    Eighth Amended deliberate indifference to a serious medical condition against all Defendants.

Page **1** of 6

As to Counts 1 and 3, the following individuals are named as defendants: Alexander Rodman, Joseph Dudek, Lt. Shirley, Sgt. Peek, C/O Michael Bailey, C/O Lueker, C/O Tomshack, C/O Bell, Lt. Wall, Lt. Wangler, C/O Vandekeekhove, C/O Hale, C/O Hagston, Lt. Baker, C/O Swisher, Sgt. Grove, C/O Hankins, Sgt. Bryant, Major Lively, Sgt. Porter, Don Wanack, C/O Schlott, C/O Jurkowski, Lt. Petitjean, Lt. Johnson, C/O Hermann, Sgt. Oleary, C/O Brock, Sgt. Bartolotti, C/O Mays, C/O Cacioppo, Nurse Jana Rueter, and C/O Summers.

This matter is now before the Court on the following motions filed by the parties relating to Defendants' motions for summary judgment on the issue of exhaustion and Plaintiff's response thereto: Defendant Rueter's Motion to Compel Discovery Responses and Production of Documents (Doc. 44); Plaintiff's Motion for the Court to Strike and Not Consider Defendants' Exhibits Attached to Their Dispositive Motions on the Issue of Exhaustion (Doc. 58); and IDOC Defendants' Motion to Strike (Doc. 61).

1. **Rueter's Motion to Compel Discovery Responses and Production of Documents (Doc. 44)**

In this motion, Defendant Jana Rueter explains she propounded interrogatories and requests for production of documents on the issue of exhaustion of administrative remedies on Plaintiff on January 19, 2022. In these requests, Rueter asked Plaintiff to recount and provide documents that evidence specific grievances he had filed between April 1, 2020 through December 31, 2020. Said requests were based on Plaintiff's testimony provided in another case wherein he testified that "a lot of times [he] ha[s] to take notes and review his notes when he writes his grievances." Thus, Rueter asserts the information sought regarding grievances would presumably be easily reconstructed from Plaintiff's notes.

Rueter filed the motion now before the Court asserting Plaintiff's responses to the

above-mentioned requests were inadequate as Plaintiff merely asserted generalities in referring to the complaint and filed grievances and indicated he could not locate documents at that time, but would supplement in the future if some are found.   Rueter finds Plaintiff's position regarding the availability of information and documents sought, particularly notes, suspect, citing differing statements Plaintiff has provided.   Specifically, on February 19, 2021, Plaintiff indicated he remembers dates because he makes notes of incidents; on February 1, 2022, Plaintiff stated he destroys notes of incidents after filing grievances; and, on February 14, 2022, Plaintiff indicated he cannot locate any notes of incidents.

Rueter asserts that based on Plaintiff's suspicious statements about the notes, combined with the numerous occasions Plaintiff has been found lacking in credibility, it is not unreasonable to infer that Plaintiff may fabricate the requested notes.   As such, Rueter asks that Plaintiff be compelled to respond to her discovery requests.

Plaintiff filed a response to Rueter's motion, indicating he would write notes on his cell walls, cardboard boxes, or sometimes on paper when he wanted to file a grievance and did not have a grievance form.   Plaintiff states that because litigation was not always on his mind, once he was able to draft a grievance from his notes, he would throw the notes away.   Plaintiff asserts he cannot provide something he does not have in his possession.

Defendant Rueter filed a reply to Plaintiff's response, explaining that in *Pavey* hearings held in other cases on December 28, 2021 and February 3, 2022, Plaintiff testified he would keep or destroy notes depending on the circumstances.   He would keep the notes if he thought his grievances would be destroyed or not processed.   Rueter argues that allegations in other cases make it apparent Plaintiff believed he was having issues with his grievances being processed at the time relevant to the case at hand.   Thus, Rueter reasons, notes corroborating the allegations in this

case must exist because Plaintiff maintained notes when he thought his grievances would be destroyed or not processed. Rueter again asks that Plaintiff be compelled to produce notes in support of his alleged grievances.

Plaintiff filed a reply to Defendant Rueter's reply on February 24, 2022 (Doc. 47). The Clerk of Court is directed to **STRIKE** this document. Plaintiff's document is a sur-reply, and pursuant to Local Rule 7.1(g), "[u]nder no circumstances will sur-reply briefs be accepted."

In this instance, Rueter is not asking Plaintiff to merely respond to her written discovery requests, as Plaintiff has already responded to the same. Rather, Rueter believes Plaintiff is being disingenuous and not providing information and/or documents she believes exist. While the Court acknowledges Rueter's reasoning and finds Plaintiff's various statements regarding his note-taking and maintenance curious, as stated by Plaintiff, the Court cannot order production of something a party asserts does not exist. Rueter's Motion to Compel Discovery Responses and Production of Documents (Doc. 44) is therefore **DENIED**. The implication of Plaintiff's response to both Rueter's motion and discovery requests, however, is there are no notes that currently exist to evidence any grievances filed between April 1, 2020 and December 31, 2020, and any later attempt to introduce evidence to the contrary will be met with a high bar to receive any consideration.

2. **Plaintiff's Motion for the Court to Strike and Not Consider Defendants' Exhibits Attached to Their Dispositive Motions on the Issue of Exhaustion (Doc. 58)**

In this motion, Plaintiff complains that Defendants[1] attached grievances in support of their motions for summary judgment on exhaustion that were filed and addressed while Plaintiff was incarcerated at Pontiac and Stateville Correctional Centers. Plaintiff asserts counselors at these

---

[1] Based on the content of the motion, it appears it only relates to the motion for summary judgment on the issue of exhaustion filed by Defendant Jana Rueter.

Page **4** of **6**

institutions, unlike Pinckneyville Correctional Center, did not refuse to process grievances and, as such, these grievances mislead the Court as to the availability of the grievance procedure. Plaintiff asks that said documents be stricken.

Rueter filed an objection to the motion, asserting the grievances attached in support of her motion are admissible and not misleading. The Court agrees.

In deciding a summary judgment motion, a court may consider any material that would be admissible or usable at trial. *Smith v. City of Chicago*, 242 F.3d 737, 741 (7th Cir. 2001). Thus, when a party seeks to offer evidence through exhibits on a summary judgment motion, they must be identified by affidavit or otherwise be admissible. *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985).

Here, Defendant Rueter provided the Court with the entirety of Plaintiff's Administrative Review Board ("ARB") records, including grievances submitted while Plaintiff was at Pontiac CC and Stateville CC (Doc. 54). First, the Court finds that ARB records are clearly probative of the question whether Plaintiff exhausted his administrative remedies. Moreover, the records were authenticated with the inclusion of an affidavit of the Administrative Review Board Custodian of Grievance Records (Doc. 54 at 8). Rueter states that the entirety of the records were provided so there would be no question Defendant produced a complete set of documents, and that Defendant's argument included all relevant grievances, whether favorable or not. This is common practice and the Court appreciates the same.

Further, the Court finds Plaintiff's assertion that the entirety of these records were provided in an attempt to mislead the Court wholly meritless. Defendant Rueter makes no mention in her brief of grievances filed at Stateville CC or Pontiac CC. Rueter certainly did not mislead the Court in any way as to believe any grievance filed at Stateville CC or Pontiac CC was filed from

Pinckneyville CC.  The Court also rejects Plaintiff's contention that Defendants misled other courts by undertaking the same procedure as there is simply no evidence of the same.

For these reasons, Plaintiff's Motion to Strike (Doc. 58) is **DENIED**.

3. **IDOC Defendants' Motion to Strike (Doc. 61)**

In this motion, IDOC Defendants ask that Plaintiff's response to their motion for summary judgment be stricken as it exceeds Local Rule 7.1(d)'s maximum page limit of 20 double-spaced type written pages.   IDOC Defendants reject an attempt by Plaintiff to allow for such additional pages because he was responding to two motions, arguing Plaintiff's response does not attempt to distinguish the two motions.

Plaintiff asserts he cannot afford writing paper or materials and has to borrow paper from other inmates.   Due to his lack of paper, Plaintiff explains he combined his responses to Defendants' motions.

The Court is certainly mindful of Defendants' arguments; however, it will allow Plaintiff's filing beyond the 20-page limitation in this instance in the interest of justice.   Plaintiff responded to two motions for summary judgment in his handwritten response that consisted of 23 pages of argument.   Moving forward, Plaintiff is advised to consult the Court's Local Rules and adhere to the page limitations set forth therein.   IDOC Defendants' Motion to Strike (Doc. 61) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 26, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**