IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA HOSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-cv-1068-RJD |
| | ) | |
| ALEXANDER RODMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the following motions filed by Plaintiff Joshua Hoskins: Motion for Leave to File a Supplemental Response (Doc. 57), Motion for Leave to File a Supplemental Response (Doc. 59), Motion for the Court to Consider when Ruling on the Defendants in Its Entirety Dispositive Motions on the Issues of Exhaustion (Doc. 65), and Motion for the Court to Accept Plaintiff's Supplemental Responses to Defendants' Dispositive Motions on the Issue of Exhaustion (Doc. 69).   For the reasons set forth below, the Motions are **DENIED**.

**Factual Background**

Plaintiff Joshua Hoskins, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville").   In his complaint, Plaintiff alleges from August 7 through October 9, 2020, defendants threatened to place him in segregation on false disciplinary charges to prevent him from being transferred to Dixon Correctional Center if he did not refuse his psychotropic medications and telepsychology appointments.   Plaintiff further alleges he was assaulted by

Defendant Cacioppo on August 21, 2020.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he proceeds in this action on the following claims:

> Count 1: First Amendment retaliation claim against all Defendants.
>
> Count 2: Eighth Amendment excessive force claim against Defendant Cacioppo.
>
> Count 3: Eighth Amended deliberate indifference to a serious medical condition against all Defendants.

As to Counts 1 and 3, the following individuals are named as defendants: Alexander Rodman, Joseph Dudek, Lt. Shirley, Sgt. Peek, C/O Michael Bailey, C/O Lueker, C/O Tomshack, C/O Bell, Lt. Wall, Lt. Wangler, C/O Vandekeekhove, C/O Hale, C/O Hagston, Lt. Baker, C/O Swisher, Sgt. Grove, C/O Hankins, Sgt. Bryant, Major Lively, Sgt. Porter, Don Wanack, C/O Schlott, C/O Jurkowski, Lt. Petitjean, Lt. Johnson, C/O Hermann, Sgt. Oleary, C/O Brock, Sgt. Bartolotti, C/O Mays, C/O Cacioppo, Nurse Jana Rueter, and C/O Summers.  Of these 33 defendants, 32 are employed by the IDOC, and one, Jana Rueter, is employed by Wexford Health Sources, Inc., a private company that provides healthcare to inmates of the IDOC.

Defendant Rueter and the IDOC Defendants filed motions for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing suit (Docs. 48 and 52). Plaintiff filed a timely response on March 8, 2022 (Doc. 56).  Plaintiff's response consists of twenty-three written pages of argument, and ninety-five pages of exhibits.  The Court has reviewed and considered the entirety of Plaintiff's response, including the three pages of argument that exceed the limit set forth in Local Rule 7.1(c).

Mere hours after filing his response brief, Plaintiff filed a Motion for Leave to File a

Supplemental Response (Doc. 57).   In this motion, Plaintiff asserts he did not have enough paper to submit his additional response when he filed his initial response.   Plaintiff explains he obtained additional paper after his initial response was filed.   The proposed supplemental response includes three pages of written argument and twelve pages of exhibits.

With regard to the substance of his first proposed supplemental response, Plaintiff asserts Counselor King mishandled his grievances and Plaintiff reiterates his assertion that counselors were not processing his grievances.   Plaintiff attached six grievances to this response.   Counselor King responded to three of the six grievances, indicating Plaintiff failed to set forth the date on which the incident occurred and advised Plaintiff to submit a new grievance.   Brown responded to one of the grievances, and Hallman responded to the other two grievances attached to the proposed supplement.

Plaintiff filed a second Motion for Leave to File a Supplemental Response (Doc. 59) on March 10, 2022, just two days after filing his initial response brief.   In this motion, Plaintiff again asks the Court to consider his supplemental arguments and exhibits because he did not have a sufficient supply of paper when he filed his original response.   Plaintiff's proposed supplemental response includes three pages of argument and 136 pages of exhibits.

In his proposed supplemental briefing, Plaintiff asserts the undersigned was misled during the Pavey hearing in 20-cv-560-RJD as correctional counselors lied and stated all grievances are serious and grievances asserting excessive force by staff could be handled by counselors. Plaintiff also set forth his argument that he had counselors during the relevant time that were not processing grievances.

Plaintiff included as exhibits to this proposed supplemental response more than a dozen

grievances dated and submitted between June 24, 2019 to February 11, 2021.  Plaintiff also attached more than twenty letters he submitted to the Administrative Review Board ("ARB") in 2019 and 2020, as well as orders entered by the undersigned, Magistrate Judge Beatty, and District Judge McGlynn.

On May 11, 2022, Plaintiff filed a Motion for the Court to Consider when Ruling on the Defendants in Its Entirety Dispositive Motions on the Issues of Exhaustion (Doc. 65).  The Court construes this filing as a third motion for leave to file a supplemental response.  It includes an additional six pages of argument, and approximately fifty pages of exhibits.  In this motion, Plaintiff asserts that witnesses during the Pavey hearing before the undersigned in 20-cv-560-RJD misled the Court with false testimony.  Specifically, Plaintiff asserts witnesses lied in testifying that notations would be made in Plaintiff's Cumulative Counseling Summary if a counselor told Plaintiff they were not going to process grievances.  Plaintiff also asserts testimony at a Pavey hearing held in 20-cv-788-GCS establishes that not all conversations or every element of a conversation would be noted in an individual in custody's Cumulative Counseling Summary.

Attached to this supplement response is the Pavey hearing transcript for case 20-cv-788-GCS, which included testimony by Shayne Mercier, a Grievance Officer at Pinckneyville.

Finally, on August 22, 2022, ahead of the Pavey hearing scheduled for August 29, 2022, Plaintiff filed a Motion for the Court to Accept Plaintiff's Supplemental Responses to Defendants' Dispositive Motions on the Issue of Exhaustion (Doc. 69).  Plaintiff asserts the hearing was not set with sufficient time for him to arrange for IDOC witnesses to testify and asks that the Court consider his supplemental responses and the testimony provided by Shayne Mercier from the

hearing held in 20-cv-788-GCS.

## Discussion

Pursuant to Local Rule 7.1(c), "[i]f a party believes it is necessary to supplement its brief with new authority due to a change in the law or facts that occurred after the filing of its brief, the party must seek leave of court to file a supplemental brief."   In this instance, Plaintiff provides no explanation for why he was unable to include his supplemental arguments in his initial response. Notwithstanding his unconvincing and irrelevant argument concerning paper, Plaintiff sets forth no argument that any of his supplemental arguments were spurred by a new development or were otherwise unknown to him at the time his initial response was filed.   Indeed, there appears to be no change in facts or law to justify the filing of any supplement.

This Court allowed Plaintiff to file a response in excess of the page limit set by local rule. Indeed, Plaintiff filed a twenty-three page response with an additional ninety-five pages of exhibits.   As with any other party, Plaintiff is not allowed an infinite number of pages for briefing and must abide by the page limits set by this Court, and said page limits must be considered when drafting a brief.   All parties must decide what arguments to include given a finite amount of pages, or explain to the Court why additional pages are necessary.   Here, the Court finds no reason to allow Plaintiff to circumvent the Local Rules and submit an additional twelve pages of argument and almost two-hundred pages of exhibits.   Plaintiff was allowed to file a brief in excess of the page limits, and he was also given the opportunity to present all of his arguments to the Court at the August 29, 2022 Pavey hearing.

For these reasons, Plaintiff's Motion for Leave to File a Supplemental Response (Doc. 57), Motion for Leave to File a Supplemental Response (Doc. 59), Motion for the Court to Consider

when Ruling on the Defendants in Its Entirety Dispositive Motions on the Issues of Exhaustion

(Doc. 65), and Motion for the Court to Accept Plaintiff's Supplemental Responses to Defendants'

Dispositive Motions on the Issue of Exhaustion (Doc. 69) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 15, 2022**

_s/_  *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**